UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT A. HILTON,

        Appellant/Plaintiff,        1:15-CV-0133-GTS

v.

WELLS FARGO BANK, N.A., as Trustee for
Nomura Asset Acceptance Corporation,
Alternative Loan Trust, Series 2005-AP1,

        Appellee/Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF CHRISTIAAN VAN NIEKERK<br>  Counsel for Appellant/Plaintiff<br>202 Union Street<br>Schenectady, NY 12305 | SANDRA S. POLAND DEMARS, ESQ. |
| HINSHAW & CULBERTSON LLP<br>  Counsel for Appellee/Defendant<br>780 Third Avenue, 4th Floor<br>New York, NY 10017 | KHARDEEN I. SHILLINGFORD, ESQ.<br>SCHUYLER B. KRAUS, ESQ. |

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this adversary proceeding filed by Robert A. Hilton ("Appellant" or "Plaintiff") against Wells Fargo Bank, N.A. ("Appellee" or "Defendant"), is Plaintiff's appeal from a Decision and Order of Chief United States Bankruptcy Judge Robert E. Littlefield, Jr., granting Defendant's motion for summary judgment seeking the dismissal of Plaintiff's Adversary Complaint pursuant to Fed. R. Bankr. P. 7056. For the reasons set forth below, Plaintiff's appeal is denied, and Chief Bankruptcy Judge Littlefield's decision is affirmed.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Adversary Complaint

Generally, in his Adversary Complaint, Plaintiff alleges as follows. (Dkt. No. 4, Attach. 1.) At some point after Plaintiff executed a Note and Mortgage for $67,000 with First National Bank of Arizona on or about August 31, 2004, First National Bank of Arizona transferred the Note to First National Bank of Nevada, which immediately endorsed the Note in blank. (*Id*.) First National Bank of Arizona ceased doing business on June 30, 2008; and First National Bank of Nevada ceased doing business on July 25, 2008. (*Id*.) Despite these facts, on April 17, 2009, Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for First National Bank of Arizona, purportedly assigned the Mortgage to GMAC Mortgage, LLC ("GMAC"). (*Id*.) The assignment was executed by Ronald W. Zackem as Assistant Secretary and Vice President of GMAC, despite the fact that, upon information and belief, Mr. Zackem was not an employee of either MERS or First National Bank of Arizona on April 17, 2009. (*Id*.) Moreover, on March 23, 2012, MERS, again as nominee for First National Bank of Arizona, again purportedly assigned the Mortgage to GMAC, the second assignment stating that it is meant to correct and replace the assignment of April 17, 2009. (*Id*.) This second assignment was executed by Erica Lugo, as Assistant Secretary of GMAC, despite the fact that, upon information and belief, Ms. Lugo was not an employee of either MERS or First National Bank of Arizona on March 23, 2012. (*Id*.) Finally, on February 7, 2014, MERS, again as nominee for First National Bank of Arizona, again purportedly assigned the Mortgage to GMAC as Trustee for Nomura Asset Acceptance Corporation, Alternative Loan Trust, Series 2005-AP1 ("Nomura Trust"), c/o Ocwen Loan Servicing, LLC. (*Id*.) This third assignment was executed by Joel Pires, Assistant

Secretary to GMAC, despite the fact that, upon information and belief, Marti Noriega was not an employee of either MERS or First National Bank of Arizona on February 7, 2014. (*Id.*)[1] Moreover, upon information and belief, the Nomura Trust closed on February 28, 2005, approximately nine years before allegedly acquiring the Mortgage. (*Id.*)

Based on these factual allegations, Plaintiff claims that Defendant's mortgage lien against Plaintiff's real property cannot be enforced for the following reasons: (1) all of the assignments of the Mortgage have been from MERS, as nominee First National Bank of Arizona, even though the Note was endorsed to First National Bank of Nevada; (2) while the assignments of the Mortgage on April 17, 2009, and March 23, 2012, are from MERS to GMAC, there is no assignment of the Mortgage from GMAC to Defendant; (3) moreover, despite having twice assigned the Mortgage to GMAC, MERS again assigned the Mortgage to Defendant on February 7, 2014; and (4) finally, the Note and Mortgage were fatally separated when the Note was transferred to First National Bank of Nevada without the Mortgage, breaking the concurrent chain of ownership of the Note and Mortgage. (*Id.*)

### B. Proceedings in Bankruptcy Court

On April 16, 2014, Plaintiff filed his Adversary Complaint to determine the nature, extent and validity of Defendant's mortgage lien against real property owned by Plaintiff. (Dkt. No. 1, Attach. 2, at 2.)

On November 26, 2014, Defendant filed a motion for summary judgment seeking the dismissal of Plaintiff's Adversary Complaint, pursuant to Fed. R. Bankr. P. 7056. (*Id.* at 4.)

---

[1] Plaintiff's Adversary Complaint appears to inadvertently confuse the name of Marti Noriega for that of Joel Pires, or vice versa.

Generally, Defendant's motion asserted, *inter alia*, two arguments: (1) Defendant has the right to enforce the Mortgage because (a) as an initial matter, Plaintiff's Chapter 13 bankruptcy petition clearly acknowledges the validity of the debt in question by listing, and not disputing, a debt identical to the loan owned to Defendant (including the amount owed and address of the collateral), and (b) in any event, documentary evidence (specifically, the Note endorsed in blank, the Mortgage, the Confirmatory Assignments, the PSA and the Mortgage Loan Schedule) clearly establish that Defendant holds, and was assigned, the Note and Mortgage; and (2) Plaintiff's claim that the Mortgage is void is meritless because (a) a written assignment of Mortgage is not required under New York law, and (b) Plaintiff lacks standing to challenge compliance with a Pooling and Servicing Agreement ("PSA"), such as the one pursuant to which the Mortgage was assigned to GMAC as Trustee for Nomura Trust. (Dkt. No. 4, Attach. 5.)

On December 11, 2014, Plaintiff filed an opposition to the motion. (Dkt. No. 1, Attach. 2, at 4; Dkt. No. 4, Attach. 22.)

On January 6, 2015, Defendant filed a reply memorandum of law. (Dkt. No. 1, Attach. 2, at 5; Dkt. No. 4, Attach. 8.)

On January 8, 2015, Chief Bankruptcy Judge Littlefield heard oral argument on Defendant's motion. (Dkt. No. 2, Attach. 1, at 16-61.)

On January 23, 2015, Chief Bankruptcy Judge Littlefield entered an Order granting Defendant's motion for summary judgment. (Dkt. No. 1, Attach. 2, at 5; Dkt. No. 1, Attach. 1.)

On February 4, 2015, Plaintiff filed a Notice of Appeal.

### C. Parties' Arguments on Appeal

#### 1. Plaintiff's Brief-in-Chief

Generally, Plaintiff's brief-in-chief asserts four arguments. (Dkt. No. 7.) First, Plaintiff argues, Chief Bankruptcy Judge Littlefield should not have granted Defendant's motion for summary judgment before ruling on Plaintiff's motion to preclude Defendant from offering evidence (which was based on Defendant's relying on the original Note despite failing to provide any response to Plaintiff's First Set of Interrogatories and Demand for Documents of August 14, 2014). (*Id.*)

Second, Plaintiff argues, summary judgment cannot be granted based solely upon an affidavit not from Defendant but from the mortgage servicer, which attempted to introduce business records without proper foundation or authentication. (*Id.*)

Third, Plaintiff argues, summary judgment cannot be granted when there are significant questions of fact regarding the validity of the Allonge to the Note, the validity of the assignments of the Mortgage, and whether the Mortgage was ever assigned to Defendant. (*Id.*)

Fourth, Plaintiff argues, summary judgment cannot be granted based solely upon Defendant's agents being currently in possession of the original Note (and especially not by their claiming mere *constructive* possession of the original Note); rather, Defendant must show that it is the *holder* of the Note, which requires a showing that there has been (i) a negotiation of the Note by means of the lender's endorsement and (ii) physical delivery of the Note. (*Id.*) However, Plaintiff argues, here, Defendant's factual affidavit makes no such showing. (*Id.*)

## 2. Defendant's Response Brief

Generally, Defendant's response brief asserts four arguments. (Dkt. No. 10.) First, Defendant argues, to the extent that Plaintiff's appeal is based on Chief Bankruptcy Judge Littlefield's factual findings, those factual findings are entitled to a clear-error review and clearly survive that review. (*Id.*) Moreover, to the extent that Plaintiff's appeal argues that he was denied adequate discovery before a decision was rendered on Defendant's motion for summary judgment, he has not satisfied the standard for entitlement to such further discovery. (*Id.*)

Second, Defendant argues, based upon the documents adduced by Defendant, Defendant is clearly the holder and the owner of the Note and Mortgage for the following reasons: (a) as an initial matter, it is irrelevant when Defendant received physical possession of the Note and Mortgage because this is not a foreclosure action; (b) in any event, based on the documents (including the Note, the Mortgage, the PSA and the Mortgage Loan Schedule), Defendant clearly became the holder and the owner of the Note and Mortgage on or about February 28, 2005; (c) indeed, Plaintiff's verified Chapter 13 bankruptcy petition acknowledges the validity of the debt owned by Defendant by listing, and not disputing, a debt identical to the loan owned to Defendant (including the amount owed and address of the collateral); and (d) Plaintiff's argument that the Note and Mortgage were "received . . . from the mortgage servicer, not from the Trustee or Document Custodian of the Trust" is nonsensical (because the servicer and entity serviced are one and the same for purposes of foreclosure) and in any event the argument is unsupported by the documents. (*Id.*)

Third, Defendant argues, Second Circuit precedent (specifically, *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79 [2d Cir. 2014]) bars Plaintiff from relying on an alleged

6

violation of the PSA to support his claim, because he has not alleged or established that (a) he is either a party to or a third-party beneficiary of the PSA, (b) he satisfied the Note and Mortgage, or (c) some other entity is seeking payment from him on the same Note. (*Id.*)

Fourth, Defendant argues, Chief Bankruptcy Judge Littlefield's denial of Plaintiff's motion to preclude as moot was proper for the following reasons: (a) as an initial matter, Plaintiff is incorrect that Defendant's uncontroverted evidence of possession of Plaintiff's original Note (endorsed in blank) and Mortgage is insufficient to establish Defendant's right to enforce the Note and Mortgage; (b) moreover, on October 23, 2014, Defendant sufficiently responded to Plaintiff's discovery demands (although Plaintiff dislikes those responses); and (c) finally, further discovery would be of no evidentiary value to Plaintiff because he cannot offer any evidence to support his claims that Defendant cannot enforce the Mortgage (in that he lacks standing to challenge compliance with the PSA). (*Id.*)

### 3. Plaintiff's Reply Brief

Generally, Plaintiff's reply brief asserts five arguments. (Dkt. No. 11.) First, Plaintiff argues, Defendant's response brief "provides no meaningful response" to Plaintiff s argument that Defendant's motion for summary judgment should not have been granted prior to a ruling on Plaintiff's motion to preclude, and addresses only whether the motion to preclude should or should not have been granted (had it been heard). (*Id.*)

Second, Plaintiff argues, Defendant's response brief "provides no meaningful response" to Plaintiff s argument that summary judgment could not be granted based solely on an affidavit from the mortgage servicer and not from Defendant itself. (*Id.*)

Third, Plaintiff argues, while Defendant may currently be in possession of the Note, a

7

genuine dispute of material fact exists as to whether Defendant was previously in possession of the original Note. (*Id*.)

Fourth, Plaintiff argues, Defendant's response brief "provides no meaningful response" to Plaintiff's argument that summary judgment cannot be granted based solely upon Defendant's attorneys being currently in possession of the original Note. (*Id*.)

Fifth, Plaintiff argues, Defendant is "attempt[ing] to distract the Court with inanities," such as an argument that Plaintiff is alleging a violation of the PSA, which is not the case. (*Id*.) Moreover, "even a first year law student could see that Defendant failed to [adequately] respond to [Plaintiff's discovery demands]." (*Id*.)

## II. GOVERNING LEGAL STANDARDS

### A. Legal Standard Governing Appeal from Bankruptcy Court Decision

This Court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a). Rule 8013 of the Federal Rules of Bankruptcy Procedure provides in pertinent part as follows:

> [o]n an appeal, the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree, or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses.

Fed. R. Bankr. P. 8013. Thus, the district court must uphold the factual findings of a bankruptcy court unless they are clearly erroneous. *Hudson v. Harris*, 09-CV-1417, 2011 WL 867024, at *9 (N.D.N.Y. Mar. 10, 2011) (Scullin, J.). A district court may find a bankruptcy court's determination to be clearly erroneous when, on consideration of the record as a whole, the court is left with the definite and firm conviction that a mistake has been committed. *Zervos v. Verizon*

*N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (quoting *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364 [1948]). "[P]articularly strong deference [must be given to] a [bankruptcy] court's findings of fact based on credibility assessments of witnesses it has heard testify." *Pisculli v. T.S. Haulers, Inc. (In re Pisculli)*, 426 B.R. 52, 59 (E.D.N.Y. 2010), *aff'd*, 408 F. App'x 477 (2d Cir. 2011) (quoting *In re Boyer*, 328 F. App'x 711, 716 [2d Cir. 2009]). Although the bankruptcy court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden. *H & C Dev. Group, Inc. v. Miner (In re Miner)*, 229 B.R. 561, 565 (B.A.P. 2d Cir. 1999) (citation omitted).

The bankruptcy court's legal conclusions, however, are subject to de novo review. *See Asbestosis Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.)*, 318 F.3d 432, 435 (2d Cir. 2003). The court reviews mixed questions of law and fact either de novo or under the clearly erroneous standard depending on whether the question is predominantly legal or factual. *Bay Harbour Mgmt., L.C. v. Lehman Bros. Holdings Inc. (In re Lehman Bros. Holdings, Inc.)*, 415 B.R. 77, 83 (S.D.N.Y. 2009) (quoting *Italian Colors Rest. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.)*, 554 F.3d 300, 316 n. 11 [2d Cir. 2009]).

### B. Legal Standard Governing Motion for Summary Judgment

Rule 7056 of the Federal Rules of Bankruptcy Procedure provides, *inter alia*, that "Rule 56 F.R.Civ.P. applies in adversary proceedings . . . ." Fed. R. Bankr. P. 7056.

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact

exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). However, when the moving party has met this initial responsibility, the nonmoving party must come forward with specific facts showing a genuine issue of material fact for trial. Fed. R. Civ. P. 56(a),(c),(e).

A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the novmoving party." *Anderson*, 477 U.S. at 248. As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]. As the Supreme Court has famously explained, "[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts" [citations omitted]. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. [citation omitted].

    **C.**     **Legal Standards Governing Plaintiff's Claim and Defendant's Defenses**

Because the parties have demonstrated (in their briefs) an accurate understanding of the legal standards governing Plaintiff's claim and Defendant's defenses, the Court will not recite those legal standards in this Decision and Order, which is intended primarily for the review of the parties.

## III.  ANALYSIS

After carefully considering Plaintiff's arguments on appeal, the Court rejects those arguments for each of the reasons offered by Defendant in its response brief and the reasons offered by Chief Bankruptcy Judge Littlefield during the parties' oral argument on Defendant's motion. (Dkt. No. 10; Dkt. No. 2, Attach. 1, at 16-61.) To those reasons, the Court adds five points.

First, the Court's analysis in this action is similar to the Court's analysis in the action of *Hilton v. Deutsche Bank*, 14-CV-1463 (N.D.N.Y.). As a result, the Court adopts the reasoning set forth in its Decision and Order on the defendant's motion to dismiss in that latter action. *See Hilton v. Deutsche Bank*, 14-CV-1463, Decision and Order, at Part III (N.D.N.Y. filed September 2015) (Suddaby, J.).

Second, to the extent that Plaintiff's first argument (in his brief-in-chief) asserts that he was given an inadequate opportunity to conduct discovery in this action, the Court finds that argument to be without merit. Rule 56(d) of the Federal Rules of Civil Procedure provides as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). This rule has been appropriately characterized as providing as "a narrow exception to the availability of summary judgment in instances where a party cannot fairly respond to a summary judgment motion because of the inability, through no fault of that party, to acquire evidence which is available and would preclude the entry of summary judgment."

*Steptoe v. City of Syracuse*, 09-CV-1132, 2010 WL 5174998, at *4 (N.D.N.Y. Oct 5, 2010) (Peebles, M.J.), *adopted by* 2010 WL 5185809 (N.D.N.Y. Dec. 15, 2010) (Mordue, C.J.).[2] To obtain relief under Fed. R. Civ. P. 56(d), a litigant must submit an affidavit showing "(1) what facts are sought to resist the motion and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant has been unsuccessful in those efforts." *Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 303 (2d Cir. 2003).[3] Here, Plaintiff has not met this standard (especially the first and second prongs of it). *See, e.g., Martin v. O'Conner*, 225 B.R. 283, 286-87 (N.D.N.Y. 1998).

Third, to the extent that Plaintiff's second argument (in his brief-in-chief) assert that summary judgment could not be granted based solely on an affidavit from a mortgage servicer, the Court finds that argument to be without merit. Setting aside the fact that the mortgage servicer was acting on behalf of Defendant in possessing documents (Dkt. No. 2, Attach. 1, at 40-41 [attaching pages "25" and "26" of transcript]; Dkt. No. 4, Attach. 10, at ¶ 1 [Ortwerth Affid.]), it is not the affidavit of the mortgage service that is of particular materiality in this case but the documents attached to it (which the Court finds to have been properly introduced by the affidavit). For example, among those documents is the Mortgage Loan Schedule, which

---

[2] *Accord, Gill v. Calescibetta*, 00-CV-1553, 2009 WL 890661, at *7 (N.D.N.Y. March 31, 2009) (Report-Recommendation by Peebles, M.J., adopted by Suddaby, J.); *Gill v. Hoadley*, 261 F. Supp.2d 113, 132 (N.D.N.Y. 2003) (Peebles, M.J.), *adopted by* Memorandum-Decision and Order (N.D.N.Y. filed Jan. 9, 2004) (Scullin, C.J.).

[3] *Accord, Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999); *Meloff v. N.Y. Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994); *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 422 (2d Cir. 1989); *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 926 (2d Cir. 1985); *Capital Imaging Assoc., P.C. v. Mohawk Valley Medical Assoc., Inc.*, 725 F. Supp. 669, 680 (N.D.N.Y. 1989) (McCurn, C.J.), *aff'd*, 996 F.2d 537 (2d Cir. 1993).

indicates that a Mortgage bearing a loan number ending in "7137" had been assigned to Defendant by February 1, 2005. (Dkt. No. 4, Attach. 17, at 2-3.)

Fourth, to the extent that Plaintiff's first and second arguments (in his brief-in-chief) assert that Defendant should have been precluded from adducing the documents in support of its motion for summary judgment (e.g., the original Note and the "business records" introduced by Defendant's mortgage servicer), the Court finds those arguments to be without merit. As an initial matter, Plaintiff has not shown cause for such preclusion. Not only does the Court find the documents to have been properly introduced by the affidavit of Katherine Ortwerth, the Court also finds no grounds to sanction Defendant for their response to Plaintiff's discovery requests. The Court finds that Defendant sufficiently responded to Plaintiff's discovery requests under the circumstances (*compare* Dkt. No. 4, Attach. 23 *with* Dkt. No. 4, Attach. 7 *and* Dkt. No. 4, Attach. 23), and notes that Chief Bankruptcy Judge Littlefield found that Plaintiff had access to many of the requested documents (Dkt. No. 2, Attach. 1, at 48 [attaching page "33" of transcript]).

In any event, even if the documents were precluded as record evidence for purposes of a motion for summary judgment, they could (under the circumstances) be relied on as evidence for purposes of a dismissal for lack of subject-matter jurisdiction (due to lack of standing) under Fed. R. Civ. P. 12(b)(1) and/or 12(h)(3). At the very least, they could be relied on as documents incorporated by reference in (and/or integral to) the Adversary Complaint (for purposes of a failure-to-state-a-claim analysis). It must be remembered that, to the extent that a motion for summary judgment is based entirely on the factual allegations of the opponent's pleading, dismissal for failure to state a claim is possible. *See Schwartz v. Compagnise General*

*Transatlantique*, 405 F.2d 270, 273-74 (2d Cir. 1968) ("Where appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment.") [citations omitted]; *Katz v. Molic*, 128 F.R.D. 35, 37-38 (S.D.N.Y. 1989) ("This Court finds that . . . a conversion [of a Rule 56 summary judgment motion to a Rule 12(b)(6) motion to dismiss the complaint] is proper with or without notice to the parties.").

Fifth, to the extent that Plaintiff's third and fourth arguments (in his brief-in-chief) assert that a genuine dispute of material fact exists as to whether Defendant was previously in possession of the original Note, that argument is without merit. For the sake of brevity, the Court will not linger on the record evidence establishing that the Mortgage was in Defendant's possession by February 1, 2005. (*See, e.g.,* Dkt. No. 4, Attach. 17, at 2-3.) Just as important is the fact that Chief Bankruptcy Judge Littlefield's decision was based, in part, on Plaintiff's lack of standing to challenge the Mortgage's enforceability due to a purported break in the chain of title. (*See, e.g.,* Dkt. No. 2, Attach. 1, at 20, 31, 32, 42-43 [attaching pages "6," "16," "17," "27," "28" of Transcript].)

For all of these reasons, Chief Bankruptcy Judge Littlefield's decision is affirmed.

**ACCORDINGLY**, it is

**ORDERED** that Appellant/Plaintiff's appeal is **DENIED**, and Chief Bankruptcy Judge Littlefield's decision is **AFFIRMED**.

Dated: September 16, 2015
      Syracuse, New York

                                          Hon. Glenn T. Suddaby
                                          Chief, U.S. District Judge